KARL S. HALL
Reno City Attorney
ADAM D. CATE
Deputy City Attorney
Nevada State Bar No. 12942
Post Office Box 1900
Reno, Nevada 89505
(775) 334-2050
*Attorneys for City of Reno, Reno Police Officer*
*Trejo Vea and Reno Police Officer Soto*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LOREN ZALESCHUK,<br><br>                    Plaintiff,<br><br>            vs.<br><br>CITY OF RENO, a political subdivision of the State of Nevada; Reno Police Department officer TREJO VEA; Reno Police Department officer SOTO; and DOES 1 through 10,<br><br>                    Defendants. | CASE NO.: 3:25-cv-00525-ART-CSD<br><br>**ANSWER TO COMPLAINT**<br><br>**JURY DEMAND** |

Defendants CITY OF RENO, RENO POLICE DEPARTMENT OFFICER TREJO VEA, and RENO POLICE DEPARTMENT OFFICER SOTO, ("City Defendants"), by and through their attorneys, Reno City Attorney Karl S. Hall and Deputy City Attorney Adam D. Cate, hereby responds to the allegations in Plaintiff's Complaint (ECF No. 1) filed on October 31, 2025, by admitting, denying, and averring as follows:

**PARTIES, JURISDICTION AND VENUE**

1.  Answering Paragraph 1 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 1, and on that ground, denies the same.

2.     Defendant City of Reno admits that it is a political subdivision of the State of

Nevada and that it is a law enforcement agency.

3.    Defendant Officer Treo Vea admits that she is a peace officer with the Reno Police Department. She is presently known as Officer Samantha Lucio.

4.    Defendant, Officer Bridgette Soto admits that she is a peace officer with the Reno Police Department.

5.    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 5, and on that ground, denies the same.

6.    Answering Paragraph 6 of the Complaint, Defendants admit that the acts alleged in the Complaint occurred in Northern Nevada and Defendants reside in the District of Nevada. The remaining allegations in Paragraph 6 state a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

7.    Paragraph 7 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

8.    Paragraph 8 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

9.    Paragraph 9 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

10.    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 10, and on that ground, denies the same.

11.    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 11, and on that ground, denies the same.

12.    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 12, and on that ground, denies the same.

13.    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 13, and on that ground, denies the same.

14.    Answering paragraph 14 of the Complaint, Defendants admit that Plaintiff called 911 and several officers from the Reno Police Department responded.

15.    Answering paragraph 15 of the Complaint, Defendants admit that a male was the person reporting the incident and requesting police assistance, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations that Plaintiff was the person reporting the incident or that Ms. Bandy had a gun and was threatening to shoot Plaintiff, and on that ground, denies the same.

16.    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 16, and on that ground, denies the same.

17.    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 17, and on that ground, denies the same.

18.    Defendants deny the allegations in Paragraph 18.

19.    Defendants deny the allegations in Paragraph 19.

20.    Defendants deny the allegations in Paragraph 20.

21.    Defendants deny the allegations in Paragraph 21.

22.    Defendants admit officers ordered Plaintiff to get on the ground and that Plaintiff complied. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 22, and on that ground, denies the same.

23.    Defendants admit officers placed Plaintiff in handcuffs and that he complied. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 23, and on that ground, denies the same.

24.    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 24, and on that ground, denies the same.

25.    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 25, and on that ground, denies the same.

26.    Defendants are without sufficient knowledge or information to form a belief as to

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

-3-

the truth or falsity of the allegations in Paragraph 26, and on that ground, denies the same.

27.    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 27, and on that ground, denies the same.

28.    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 28, and on that ground, denies the same.

29.    Defendants admit that an officer began to roll Plaintiff over while he was handcuffed and he screamed in pain. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 29, and on that ground, denies the same.

30.    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 30, and on that ground, denies the same.

31.    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 31, and on that ground, denies the same.

32.    Defendants deny the allegations in paragraph 32.

33.    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 33, and on that ground, denies the same.

34.    Defendants admit the allegations in paragraph 34.

35.    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 35, and on that ground, denies the same.

36.    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 36, and on that ground, denies the same.

37.    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 37, and on that ground, denies the same.

38.    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 38, and on that ground, denies the same.

39.    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 39, and on that ground, denies the same.

40.    Defendants are without sufficient knowledge or information to form a belief as to

the truth or falsity of the allegations in Paragraph 40, and on that ground, denies the same.

41.     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 41, and on that ground, denies the same.

42.     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 42, and on that ground, denies the same.

43.     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 43, and on that ground, denies the same.

## FIRST CAUSE OF ACTION
### (Violation of the Americans with Disabilities Act ("ADA") under 42 U.S.C. § 12133)
### (Against Defendant CITY OF RENO)

44.     Paragraph 44 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

45.     Paragraph 45 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

46.     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 46, and on that ground, denies the same.

47.     Paragraph 47 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

48.     Paragraph 48 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

49.     Paragraph 49 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

50.     Defendants deny the allegations in paragraph 50.

51.     Defendants deny the allegations in paragraph 51.

52.     Defendants deny the allegations in paragraph 52.

## SECOND CAUSE OF ACTION
### (Violation of Federal Civil Rights under U.S.C. § 1983)
### (Against all Defendants)

53.     Paragraph 53 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

54.     Paragraph 54 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

55.     Paragraph 55 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

56.     Paragraph 56 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

57.     Paragraph 57 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

58.     Paragraph 58 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

59.     Paragraph 59 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

60.     Paragraph 60 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

61.     Defendants deny the allegations in Paragraph 61.

62.     Paragraph 62 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

63.     Paragraph 63 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

64.     Paragraph 64 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

65.     Defendants deny they were informed of Plaintiff's disability prior to the alleged acts that allegedly caused pain and injury. Paragraph 65 also states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

66.     Paragraph 66 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

67.     Paragraph 67 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

**THIRD CAUSE OF ACTION**
**(Violation of Federal Civil Rights under U.S.C. § 1983 – Municipal Liability)**
**(Against Defendant CITY OF RENO)**

68.     Paragraph 68 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

69.     Defendants deny the allegations in paragraph 69.

70.     Paragraph 70 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

71.     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 71, and on that ground, denies the same.

72.     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 72, and on that ground, denies the same.

**FOURTH CAUSE OF ACTION**
**(Violation of Nevada Constitution/Constitutional Tort)**
**(Against All Defendants)**

73.     Paragraph 73 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

74.     Paragraph 74 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

75.     Paragraph 75 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

76.     Paragraph 76 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

77.     Paragraph 77 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

78.     Paragraph 78 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

79.     The Defendants admit the allegations in paragraph 79.

80.     The Defendants deny the allegations in paragraph 80.

81.     Paragraph 81 states a legal conclusion to which no response is required. To the

extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

82. Paragraph 82 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

83. Paragraph 83 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

84. Paragraph 84 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

85. Defendants deny they were informed of Plaintiff's disability prior to the alleged acts that allegedly caused pain and injury. Paragraph 85 also states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

86. Paragraph 86 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

87. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 87, and on that ground, denies the same.

88. Paragraph 88 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

89. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 89, and on that ground, denies the same.

///

///

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

## FIFTH CAUSE OF ACTION
### (Battery)
### (Against All Defendants)

90.     Paragraph 90 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

91.     Defendants admit officers touched Plaintiff. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 91, and on that ground, denies the same.

92.     Defendants admit officers "intentionally made contact with Plaintiff." Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 92, and on that ground, denies the same.

93.     Defendants deny they were informed of Plaintiff's disability prior to the alleged acts that allegedly caused pain and injury. Paragraph 93 also states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

94.     Paragraph 94 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

95.     Paragraph 95 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

96.     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 89, and on that ground, denies the same.

## SIXTH CAUSE OF ACTION
### (Negligence)
### (Against All Defendants)

97.     Paragraph 97 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

98.    Paragraph 98 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

99.    Paragraph 99 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

100.    Paragraph 100 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

101.    Paragraph 101 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

102.    Paragraph 102 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

## SEVENTH CAUSE OF ACTION
### (Negligent Hiring, Training, and Supervision)
### (Against Defendant CITY OF RENO)

103.    Paragraph 103 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

104.    Defendants admit the allegations in paragraph 104.

105.    Paragraph 105 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

106.    Paragraph 106 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

107.    Paragraph 107 states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of such remaining allegations, and on that ground, denies the same.

108.    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 108, and on that ground, denies the same.

109.    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 109, and on that ground, denies the same.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Defendants have qualified immunity, discretionary act immunity, and good faith immunity from the claims of the Plaintiff pursuant to, among other authorities, NRS Chapter 41, including but not limited to NRS 41.032 and 41.0336.

**THIRD AFFIRMATIVE DEFENSE**

All actions taken by Defendant were reasonable, proper, legal, justified, and in good faith, and therefore cannot form a basis for liability.

**FOURTH AFFIRMATIVE DEFENSE**

The incident referred to in the Complaint, and any damages allegedly resulting therefrom, were proximately caused by independent intervening causes and/or the conduct of persons and/or entities other than Defendant, and further in this regard, Defendants aver that they had no influence, supervision, duty of supervision, control, nor duty of control exercisable as to said persons and/or entities. Defendants are neither responsible nor liable for such independent causes or conduct of third parties.

**FIFTH AFFIRMATIVE DEFENSE**

An award of damages, if any, is limited by the provisions of NRS § 41.035.

**SIXTH AFFIRMATIVE DEFENSE**

Pursuant to NRS 17.245, Defendants are entitled to an offset for any consideration Plaintiff may have received from another tortfeasor who is liable in tort for the same injuries alleged by

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

-12-

Plaintiff in this action.

## SEVENTH AFFIRMATIVE DEFENSE

NRS § 41.035(1) prohibits an award of punitive damages against governmental employees or agencies.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering damages as his claims are speculative, and/or unsupported by substantial or reliable evidence.

## NINTH AFFIRMATIVE DEFENSE

All actions taken by Defendants with respect to Plaintiff were made without malice, ill will, fraud, oppression, reckless or callous indifference, evil motive or intent, or any other improper motive or intent.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover punitive damages because an award of punitive damages would violate Defendants' rights under the Constitution of the United States of America and under the Constitution of the State of Nevada, including Defendants' rights to: (1) procedural due process under the Constitution of the State of Nevada and the Fourteenth Amendment of the United States Constitution; (2) protection from "excessive fines" as provided in the Constitution of Nevada and the Eighth Amendment of the United States Constitution; and (3) substantive due process provided in the Constitution of the State of Nevada and Fifth and Fourteenth Amendments of the United States Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent he failed to mitigate his damages.

## TWELFTH AFFIRMATIVE DEFENSE

Providing Plaintiff with an accommodation under the Americans with Disabilities Act ("ADA") would impose an undue hardship on the Defendants in the course of their official duties. Additionally, the ADA does not apply to the factual circumstances of this case, in which Plaintiff was briefly detained during an active police investigation in which officers were responding to an uncontrolled scene where someone had produced a firearm in a threatening

manner.

## THIRTEENTH AFFIRMATIVE DEFENSE

Providing Plaintiff an accommodation under the factual circumstances of this case would amount to a fundamental alteration of Defendants' conduct, which would change the essential nature of Defendants' service, program, or activity, and therefore cannot form a violation of the ADA.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants Soto and Lucio are not governmental entities, but rather individuals, and thus are not proper parties and cannot be liable under Title II of the ADA.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and conditions were caused, and/or resulted from, in whole or part, pre-existing conditions neither caused by, nor contributed to, by Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant hereby incorporates by reference those affirmative defenses enumerated in Rule 8 of the Federal Rules of Civil Procedure as if fully set forth herein. In the event further investigation or discovery reveals the applicability of any such defenses, Defendant reserves the right to seek leave of court to amend his answer to specifically assert any such defense(s). Such defenses are herein incorporated by reference for the specific purpose of not waiving such defenses.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Pursuant to the provisions of Rule 11 of the Federal Rules of Civil Procedure, at the time of filing of Defendant's Answer, all possible affirmative defenses may not have been alleged inasmuch as insufficient facts and other relevant information may not have been available after reasonable inquiry, and therefore, Defendant reserves the right to amend this Answer to allege additional affirmative defenses if subsequent investigation so warrants.

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1.     That Plaintiff takes nothing by way of his Complaint and that the same be dismissed with prejudice;

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

-14-

2.      That Defendants be awarded their costs and attorney's fees incurred to defend this action as provided by law; and

3.      For such other and further relief as the Court may deem just and proper.


DATED this __10th__ day of December, 2025.

KARL S. HALL
Reno City Attorney


By: /s/     Adam D. Cate
ADAM D. CATE
Deputy City Attorney
Nevada State Bar No. 12942
Post Office Box 1900
Reno, Nevada 89505
*Attorneys for City of Reno, Reno Police Officer*
*Trejo Vea and Reno Police Officer Soto*

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of the RENO CITY ATTORNEY'S OFFICE, and that on this date, I am serving the foregoing document(s) on the party(s) set forth below by:

_____    Placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail, at Reno, Nevada, postage prepaid, following ordinary business practices or;

_____    Personal delivery.

__X__    CMECF electronic service.

_____    Federal Express or other overnight delivery.

_____    Reno/Carson Messenger Service.

addressed as follows:

Christopher Rusby, Esq.
RUSBY LAW, PLLC
36 Stewart Street
Reno, NV 89501
*Attorney for Plaintiff*

DATED this ___10th___ day of December, 2025.

    _/s/ Terri Strickland_____
    Terri Strickland
    Legal Assistant